Plaintiff's Name KEVIN LEE
Inmate No. #J33486
Address SATF/SAP B1-160 UP
P.O. box#5248
CORCORAN, CA. 93212-5248

FILED

JAN 3 1 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN LEE

(Name of Plaintiff)

vs.

KATHLEEN ALLISON (WARDEN)(A)
D. STOHL (CORRECTION SERGEANT)
N. FAIRFIELD (CORRECTIONAL OFFICER)
VAN VLIET (CORRECTIONAL OFFICER)
S. CHILDRESS (CORRECTIONAL OFFICER)
C. MORALES (CORRECTIONAL OFFICER)

(Names of all Defendants)

1: 1 1 CV 0 0 1 6 8   •   SMS PC

(Case Number)

COMPLAINT

Civil Rights Act, 42 U.S.C. § 1983

I. Previous Lawsuits (list all other previous or pending lawsuits on back of this form):

A.  Have you brought any other lawsuits while a prisoner? Yes __ No ☒

B.  If your answer to A is yes, how many? _____
    Describe previous or pending lawsuits in the space below.
    (If more than one, use back of paper to continue outlining all lawsuits.)

    1. Parties to this previous lawsuit:

    Plaintiff _____

    Defendants _____

    2. Court (if Federal Court, give name of District; if State Court, give name of County)

    3. Docket Number _____  4. Assigned Judge _____

    5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

    6. Filing date (approx.) _____  7. Disposition date (approx.) _____

1

**II.     Exhaustion of Administrative Remedies**

A.     Is there an inmate appeal or administrative remedy process available at your institution?

Yes ☒   No___

B.     Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes ☒   No___

If your answer is no, explain why not_____

_____

_____

_____

C.     Is the process completed?

Yes ☒          If your answer is yes, briefly explain what happened at each level.
THE INFORMAL LEVEL WAS PARTIALLY GRANTED. THE FIRST LEVEL WAS
PARTIALLY GRANTED. SECOND LEVEL WAS PARTIALLY GRANTED, AND
THE DIRECTOR'S REVIEW WAS DENIED.

No___          If your answer is no, explain why not.

_____

_____

_____

_____

**NOTICE:**     Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal ·law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002). **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit.** Booth, 532 U.S. at 734.

**III. Defendants**

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A.     Defendant **KATHLEEN ALLISON**          is employed as **(A) WARDEN**
_____          at **SATF/SAP II CORCORAN**_____

2

B. Additional defendants D. STOHL (CORRECTIONAL SERGEANT),
N. FAIRFIELD (CORRECTIONAL OFFICER), VAN VUGT (CORRECTIONAL OFFICER),
S. CHILDRESS (CORRECTIONAL OFFICER), C. MORALES (CORRECTIONAL
OFFICER)

IV. **Statement of Claim**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved,
including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra
sheets if necessary.)

IT IS THE PETITIONER POSITION THAT ON MARCH 14, 2010 DURING THIRD WATCH, INMATES
OUTGOING MAIL WAS COLLECTED BY THE HOUSING UNIT STAFF CORRECTIONAL OFFICER
VAN VUGT AT APPROXIMATELY 2100 HOURS AT WHICH TIME PETITIONER GAVE THE
OFFICER IN QUESTION (VAN VUGT) A LETTER WITH (2) TWO PHOTOS ENCLOSED IN
THE ENVELOPE. ON THE SAME DATE IN QUESTION (MARCH 14, 2010) BETWEEN 2200
AND 0600 HOURS FIRST WATCH OFFICER N. FAIRFIELD, DID NOT PROPERLY
HANDLE ALL OF THE INMATES OUTGOING MAIL, AND LEFT A PORTION OF THE MAIL
FOR SECOND WATCH OFFICERS TO PROCESS THE FOLLOWING MORNING (MARCH 15, 2010)
ON MARCH 15, 2010, BETWEEN THE HOURS OF 1100 & 1200, A PORTION OF THAT MAIL
THAT WAS LEFT FOR SECOND WATCH OFFICERS WAS DISCOVERED IN THE TRASH
CAN BY THE BUILDING PORTER, INMATE (L. HARDNICK) WHILE HE WAS PERFORMING HIS
JOB EMPTYING ALL THE TRASH CANS IN THE BUILDING. (CONTINUE ON ADDITIONAL SHEET
EXHIBIT A)

V. **Relief.**

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or
statutes.)

THAT THE COURTS ACCEPT AND PONDER PETITIONER CLAIM WITH
COMPENSATORY AND PUNITIVE DAMAGES AWARDED.

I declare under penalty of perjury that the foregoing is true and correct.

Date __1·25·11__

Signature of Plaintiff _Kevin Lee_

(revised 6/01/04)

3

CONTINUE FROM `STATEMENT OF CLAIM` EXHIBIT A

1   AFTER THE DISCOVERY, INMATE PORTER (L. HARDWICK) ALONE WITH

2   INMATE PORTER (M. JAMES) BROUGHT THE DISCOVERED MAIL TO AN

3   INMATE WHOM THEY BELIEVED WAS A MEMBER OF THE INMATE

4   ADVISORY COMMITTE (IAC) INMATE (J. LEGARE) ALONE WITH A

5   MEMBER OF THE INMATE ADVISORY COMMITTE (IAC) INMATE

6   (R. RAND) WHO BROUGHT IT TO THE ATTENTION OF FACILITY 'B',

7   SERGEANT (D. STOHL), PETITIONER CONTENDS THAT THE SECOND

8   WATCH HOUSING UNIT OFFICERS WHO WERE ON DUTY WHEN THE

9   MAIL WAS DISCOVERED IN THE TRASH CAN WERE CORRECTIONAL

10   OFFICERS CHILDRESS, AND MORALES.

11

12

13

14

15

16   KEVIN LEE #33486    DATE

17   SATF/SAP B1-160UP

18   P.O. Box #5248

19   CORCORAN, CA. 93212-5248

20

21   Kevin Lee      DATE 1.25.11

22

23

24

25

26

27

28

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region
1. SATF-B     1. 10-01232     Category 3

2. _____     2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Kevin Lee | #J33486 | U/A | B1-174 UP |

**A. Describe Problem:** ON 3·14·2010 AT APPROXIMATELY 2100 HOURS MAIL CALL FOR OUT GOING MAIL IN BUILDING #1, WAS CALLED. PETITIONER PARTICIPATED AND GAVE THE ASSIGN BUILDING OFFICER C/O VAN VUGT, A PERSONAL LETTER TO BE MAILED OUT. ON 3·15·2010 AT APPROXIMATELY 1145 HOURS, B/W BUILDING #1 PORTER WAS PERFORMING HIS DUTIES EMPTYING THE TRASH CANS INSIDE THE SALLY PORT OF BUILDING #1, WHEN HE NOTICE THAT THERE WAS SOME INMATES PERSONAL MAIL THAT HAD BEEN DISPOSE OF IN THE TRASH CAN. CURIOUS, AND AFTER FURTHER REVIEW IT WAS DISCOVER THAT IT WAS NOT ONLY INMATES PERSONAL MAIL BUT ALSO OUT GOING MAIL FROM THE NIGHT BEFORE (3·14·10)

If you need more space, attach one additional sheet.     CONTINUE ON ADDITIONAL SHEET
EXHIBIT #A

**B. Action Requested:** THAT ALL PARTIES WHOM WERE INVOLVED IN DISPOSING THE PETITIONER PERSONAL MAIL WITHOUT CAUSE BE REPRIMANDED, AND RETRAINED ON THE PROCEDURES OF OUT GOING MAIL. ALSO THAT THIS PETITION BE PLACED IN THEIR FILES FOR THE DURATION

Inmate/Parolee Signature Kevin Lee     Date Submitted: 3·16·2010

**C. INFORMAL LEVEL** (Date Received: 3·26·10 )

Staff Response: B/W STAFF WILL RECEIVE A REFRESHER COURSE (O.J.T.) ON PROPER MAIL PROCEDURES. YOUR APPEAL IS PARTIALLY GRANTED AT THE INFORMAL LEVEL.

Staff Signature: T. PEPPER, LIEUTENANT     Date Returned to Inmate: 3·26·10

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

IT WASN'T CLEAR WHAT PARTIES OR WHY THE OUTGOING MAIL WAS DISPOSE OF IN THE SALLY PORT TRASH CAN ON 3·15·2010, THE TIME FRAME OF DISCOVERY OR DISPOSAL WAS BETWEEN 800 HOURS AND 1200 HOURS (SECOND WATCH). A FULL INVESTIGATION SHOULD BE DONE AND THE ACTIONS I REQUESTED BE GRANTED.

Signature: Kevin Lee     INMATE APPEALS BRANCH     Date Submitted: 3·31·2010

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim     JUL 16 2010     CDC Appeal Number:

RECEIVED

1001203     J33486

CSATF APPEALS

| First Level | ☐ Granted | ☒ P. Granted | ☒ Denied | ☐ Other |

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: APR 08 2010   Due Date: 5-21-10

Interviewed by: Sgt T. Baze on 4-22-10. Inmate Lee Is Requesting that A formal investigation be conducted to identify what staff member put His mail into The trash can. I denied His Request. 1.) The trash cans were Removed from the staff's office before mail was found in them. Staff were not made aware of this until later by inmate Lee. It is impossible to prove that there was mail in the staff trashcan. I am not going to make An investigation solely based off of inmates Lee claim.

| Staff Signature: | Title: Sergeant | Date Completed: 4-22-10 |
| Division Head Approved: Signature: | Title: C/ AW | Returned 5-18-10 |
| | | Date to Inmate: |

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

CSATF APPEALS
MAY 24 2010

THE INQUIRY/INVESTIGATION CONDUCTED BY LIEUTENANT D. SNEM WAS OBLIVIOUSLY OBSCURE BASE ON ALL THE INFORMATION THAT WAS PRESENTED IT WAS QUITE CLEAR THAT THE MAIL BEING PLACED IN THE SALLY PORT TRASH CAN COULD NOT HAVE BEEN AN "ACCIDENT." THIS WAS CLEARLY A CASE OF AN MALICIOUS ACT PERPETRATED ONLY BY THE SECOND WATCH OFFICERS THAT WERE ON DUTY DURING THE DISPOSAL OF THE INMATES OUTGOING MAIL.

CONTINUE ON ADDITIONAL SHEET EXHIBIT B

| Signature: Kevin Lee | Date Submitted: 5-31-10 |

CSATF APPEALS

| Second Level | ☐ Granted | ☒ P. Granted | ☐ Denied | ☐ Other |

JUN 03 2010

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned:   Due Date: 7-1-10

☒ See Attached Letter

| Signature: | CCII | Date Completed 6-24-10 |
| Warden/Superintendent Signature: | | Date Returned to Inmate 6/29/10 |

CSATF APPEALS

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

JUL 02 2010

THE SECOND LEVEL OF REVIEW DECLARED THAT THEY DID A THOROUGH INVESTIGATION OF MY CLAIM, YET, FOR OBLIVIOUS REASONS COULD NOT AND IN MY OPINION, WOULD NOT DETERMINED WHO WAS RESPONSIBLE FOR THE MISHANDLING OF THE OUTGOING INMATES MAIL THAT WAS DISCOVERED IN THE TRASH CAN TO BE DISPOSE OF. THIS IS CLEARLY A SIGN OF INCOMPETENCY AND COVER UP ON THE INVESTIGATORS BEHALF. FIRST WATCH OFFICERS DID NOT PROPERLY HANDLE THE OUT GOING MAIL THE NIGHT OF 3-14-10, AND LEFT IT FOR SECOND WATCH OFFICERS TO HANDLE THE FOLLOWING MORNING ON 3-15-10, WHICH IS QUITE EVIDENT BECAUSE THAT FOLLOWING

CONTINUE ON ADDITIONAL SHEET EXHIBIT #C

| Signature Kevin Lee | Date Submitted: 7-11-10 |

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other
☒ See Attached Letter

CDC 602 (12/87)                                   Date: NOV 16 2010

THIS WAS THE SECOND TIME THAT THE TRASH CANS IN THE SALLY
PORT WERE BEING EMPTY BY BUILDING #1 PORTERS. THE FIRST
TIME WAS AT 600 HOURS (3.15.2010) WHICH THE PORTERS
SAID THAT THEIR WAS NO INMATES PERSONAL MAIL DISPOSED
OF IN THE TRASH CANS. 2/N OFFICERS WHOM WERE ON
DUTY AT THE TIME THE ~~XXXX~~ DISPOSE MAIL WAS DISCOVER
IN THE TRASH CAN WERE C/O CHILDRESS, AND C/O MORALES.
THE DISPOSE MAIL WAS GIVEN TO BUILDING #1 IAC
MEMEBERS WHO BROUGHT IT TO THE ATTENTION OF THE
FACILITY 'B' SERGEANT, SERGEANT STOHL. IT WAS SAID
THAT THE DISPOSE MAIL WOULD BE APPROPRIATELY TAKEN
CARE OF AND SENT DIRECTLY TO THE MAIL ROOM TO BE
MAILED OUT.


KEVIN LEE #J33486
B1-174U


DATE 3.16.2010
Kevin Lee

1  FROM THE INQUIRY/INVESTIGATION, FIRST WATCH OFFICERS DID NOT
2  PROPERLY HANDLE THE OUT GOING MAIL THE NIGHT OF 3.14.10. AT WHICH
   TIME ON 3.15.10, THAT MORNING, IT WAS LEFT INSIDE THE C/O'S OFFICE FOR
3  SECOND WATCH OFFICERS TO HANDLE. BETWEEN 700 HRS. AND 1145 HRS.
   THERE WAS NO ONE ELSE OTHER THEN THE C/O'S WHO WORKED SECOND WATCH
4  THAT DAY WHO PLACED THAT MAIL IN THE SALLY PORT TRASH CAN IN BUILDING #1.
5  THE INMATE PORTERS DUMPS ALL THE TRASH CANS IN THE BUILDING, INCLUDING
6  THE TRASH CANS IN THE C/O'S OFFICE BETWEEN 600 HRS. AND 700 HRS. AT
   WHICH TIME THERE WAS NO MAIL TO BE FOUND IN THE TRASH CANS IN THAT
7  TIME FRAME. THE INMATE PORTERS CAME AROUND AGAIN, A SECOND
8  TIME TO DUMP ALL THE TRASH IN THE BUILDING BETWEEN 1130 HRS. AND
9  1200 HRS. HOWEVER, "BEFORE" DUMPING THE TRASH CAN IN THE C/O'S OFFICE,
   THE INMATE PORTERS FOUND THE INMATES OUT GOING MAIL IN THE SALLY
10 PORT TRASH CAN. NO ONE HAD ACCESS TO THAT MAIL BUT THE C/O'S WHOM
11 WAS ON DUTY. NO ONE COULD HAVE PLACED THAT MAIL IN THE SALLY PORT
   TRASH CAN BUT THE C/O'S THAT WERE ON DUTY, AND FROM THE TIME FRAME,
12 SECOND WATCH C/O'S WERE THE ONLY ONES ON DUTY WHEN THE DISPOSE
13 MAIL WAS DISCOVER. I WOULD LIKE FOR MY APPEAL TO BE "GRANTED"
14 NOT PARTIALLY GRANTED. THOSE C/O'S WHOM WAS MENTION AS THE
   SECOND WATCH OFFICERS THAT WERE ON DUTY WHEN THIS VIOLATION
15 OCCUR, VIOLATED A "PROCEDURE" AND SHOULD BE HELD ACCOUNTABLE
16 FOR THEIR ACTIONS.

17  KEVIN LEE # )33486
18  B1-160UP

19  DATE 5.31.10
20
21  Kevin Lee
22
23
24
25
26
27
28

1  MORNING BETWEEN THE HOURS OF 1145 AND 1200, THE OUT GOING
2  MAIL FOR INMATES WAS FOUND IN THE TRASH CAN READY TO BE DISPOSE
3  OF. ONE THING FOR CERTAINTY, UDENIABLE FACTS REMAIN THAT THE MAIL
   WAS FOUND IN THE TRASH CAN, THAT THERE, HAS BEEN ESTABLISH. WHO PUT
4  IT THERE HAS YET TO BE ANSWER. JUDGING FROM THE TIME FRAME
5  FIRST WATCH OFFICERS WERE RELIEVED FROM THEIR POST AT "0600 HOURS"
6  AT WHICH TIME SECOND WATCH BEGIN THEIR SHIFT. THIS IS ALSO THE TIME
   THE INMATES PORTERS BEGIN COLLECTING ALL THE TRASH FROM ALL THREE
7  SECTIONS OF THE BUILDING INCLUDING THE SALLY PORT, STAFF OFFICE,
8  AND STAFF RESTROOM, TRASH CANS TO BE PLACED IN FRONT OF THE
9  BUILDING THAT MORNING FOR THE YARD CREW TO COLLECT. MIND YOU, THIS
10 IS BETWEEN THE HOURS OF 0600 AND 0700 "DURING WHICH TIME THERE WAS
   NO MAIL TO BE DISCOVERED IN THE TRASH CAN. DURING THE COURSE OF A
11 DAY THE INMATES PORTERS EMPTY ALL TRASH CANS, IN ALL THREE SECTIONS
12 OF THE BUILDING INCLUDING THE SALLY PORT TRASH CAN AT LEAST FIVE TIMES
13 A DAY, EVERY DAY. STAFF OFFICE, AND RESTROOM IS OPTIONAL AND ONLY
14 WHEN THE STAFF ALLOW THE PORTERS TO DO SO "UNDER VISUAL SUPERVISION"
   BETWEEN THE HOURS OF 1130 AND 1200. THE PORTERS MADE ANOTHER
15 SWEEP OF ALL THE TRASH CANS IN THE BUILDING INCLUDING THE ONE IN
16 THE SALLY PORT, YET, THE TRASH CANS IN THE STAFF OFFICE, AND RESTROOM
17 WERE NOT DUMP AT THAT TIME, HOWEVER, DURING THE COURSE OF
18 EMPTYING THE TRASH CAN IN THE SALLY PORT, THIS IS WHEN THE DISCOVERY WAS
   MADE THAT THE INMATES OUTGOING MAIL WAS IN THE TRASH CAN AT
19 APPROXIMATELY 1145 HOURS ON 3·15·10, SECOND WATCH. ONCE AGAIN,
20 JUDGING FROM THE TIME FRAME WHEN THIS INCIDENT OCCUR, IT WAS
21 CLEARLY EVIDENT THAT SECOND WATCH OFFICERS HAD SOMETHING TO DO
   WITH DISPOSING THE OUTGOING MAIL IN THE TRASH CAN. IT IS ALSO QUITE CLEAR
22 THAT THIS WAS AN ACT OF MALFEASANCE AND THAT THE SECOND WATCH
23 OFFICERS IN QUESTION (C/O CHILDRESS AND C/O MORALES) WHOM WAS ON
   DUTY WHEN THE INCIDENT OCCUR SHOULD BE HELD ACCOUNTABLE FOR
24 THEIR ACTIONS. ALL I ASK IS THAT MY APPEAL/CLAIM BE GRANTED
25 NOT PARTIALLY GRANTED. DUE TO THE FACTS THAT HAS BEEN GIVEN.

26 KEVIN LEE #J33486    DATE 7·11·10
   SATF/SNP  B1-160 UP
27 P.O. BOX #5248
28 CORCORAN, CA. 93212

**ATTACHMENT N**

# EFFECTIVE COMMUNICATION DETERMINATION FOR FORMAL LEVEL
## CDCR-602 INMATE/PAROLEE APPEAL

INMATE: _LEE_    CDCR#: _J33486_    APPEAL LOG#: _B-10-01232_

Indicate if Effective Communication is required by checking the applicable box(es).

☒ None required

☐ Learning Disability (LD)

☐ Test of Adult Basic Education (TABE)

   Provide Reading Grade Point Level (RGPL)____:____

☐ Non-English Speaking

Staff Signature _____    Title _Sergeant_ _LT._    Date _4-22-10_ _5/18/10_

Print Name _O. SHEN_

**DIVISION OF ADULT INSTITUTIONS**
California Substance Abuse Treatment Facility and State Prison at Corcoran
900 Quebec Ave.
P.O. Box 7100
Corcoran, CA 93212



Attachment L

May 19, 2010

LEE, J33486
California Substance Abuse Treatment Facility and State Prison at Corcoran
P.O. Box 7100
Corcoran, Ca. 93212

### APPEAL LOG # SATF-B-10-01232
### FIRST LEVEL RESPONSE

**APPEAL ISSUE:** You allege that on 3-14-10 during third watch, inmate mail was collected by housing unit staff and on 3-15-10 the inmate mail was found in a trash can in Building One (1). You add that the Building 1, inmate porter was performing his job emptying trash when he discovered the outgoing inmate mail in the trash. You further allege that the inmate Porter then gave the mail to Inmate Advisory Committee members who brought it to the attention of the Facility B Sergeant, D. Stohl. You added that the Second watch housing unit officers whom were on duty when the mail was discovered were Officers Childress and Morales. You requested that a full investigation be conducted to find out what officers are responsible for putting the mail in the trash. And you request that they be reprimanded and retrained on mail procedures and this appeal be placed in their file (personnel) for the duration.

**INTERVIEW:** Lieutenant Snell interviewed you on May 18, 2010. You were afforded the opportunity to further explain your issue and to provide any supporting witnesses, evidence or documents. You were queried about the names of the inmate porter and IAC members whom handled the above mentioned mail. Witnesses were interviewed as deemed appropriate by the interviewer. It is noted that on 3-26-10 Correctional Lieutenant T. Pepper answered your appeal at the Informal level. On 4-22-10, Correctional Sergeant T. Baze interviewed and answered your appeal at the First Level.

**SUMMARY:** Your appeal, the attachments, California Code of Regulations (CCR) Title 15 and Department Operation Manual (Supplement) 54010, Entitled Mail has been reviewed. An appeal inquiry was conducted into your allegation(s) and the following information was obtained.

On 3-15-10, during second watch, a Building 1, inmate porter indicated that he discovered outgoing inmate mail in a plastic bag in a trash can in Building 1. The inmate porter added, he along with another inmate, gave the bag of mail to an inmate whom they believed was a member of the Inmate Advisory Committee (IAC). That inmate along with other members of the IAC brought this incident and the bag of mail to the attention of the Facility B Sergeant, D. Stohl.

Lee J33486
Log # B-10-01232
Page 2

Sgt. Stohl took possession of the bag of mail from the above mentioned inmates (non IAC member and IAC members). Sgt Stohl secured the bag of mail and notified his chain of command. Per instructions from his supervisor(s), Sgt. Stohl immediately forwarded the bag of mail to the institutional mailroom for immediate processing.

Further inquiry revealed that this incident was appropriately documented and all appropriate Administrative staff were notified. Regardless of who submitted inmate mail for that day, the inappropriate and or mishandling of inmate mail by staff and inmates is a serious issue. Consequently, First, Second, and Third watch staff on Facility B received training on (inmate) Mail procedures.

Administrative staff reserves the right to refer this matter for additional follow-up or possible investigation. If investigated, upon completion of that investigation inmates are notified as to whether the allegations were SUSTAINED, NOT SUSTAINED, UNFOUNDED, EXONERATED or that NO FINDING was possible. In the event that the matter is not investigated, inmates are notified upon the completion of that inquiry as to whether it was determined that staff violated, or did not violate policy. However, ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the details of any inquiry will not be shared with staff, members of the public, or inmates. Inmates requesting for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

**DECISION**: Based on the above information, your appeal is **PARTIALLY GRANTED** at the First Level of Review. An inquiry/investigation into your complaint was completed. Based on all the information obtained, it could not be factually determined who was responsible for the mail being mishandled. This appears to have been an accident and not a malicious act perpetrated by staff or inmates.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.

D. SNELL
Lieutenant
CSATF/SP

· CSATF APPEALS
MAY 2 4 2010

M. TANN
Associate Warden
CSATF/SP

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

## DIVISION OF ADULT INSTITUTIONS
California Substance Abuse Treatment Facility and State Prison at Corcoran
900 Quebec Ave.
P.O. Box 7100
Corcoran, CA 93212



June 24, 2010

Inmate Lee, J33486
California Substance Abuse Treatment
Facility and State Prison at Corcoran
P. O. Box 7100
Corcoran, CA 93212

Second Level Response
Log # SATF-B-10-01232

### ISSUE:

You contend that on 3/15/10, during Second Watch, a Building B1 Inmate Porter discovered outgoing inmate mail in a trash can that was located in the Building B1 Sallyport. You contend that the mail was collected the night before and that the trash can came from the Correctional Officer's (C/O's) office. You contend that the mail was given to Building B1 Inmate Advisory Council (IAC) Members and subsequently given to Correctional Sergeant (Sgt.) D. Stohl. You request that all parties involved be reprimanded and retrained. You also request that a copy of this appeal be placed in their files for the duration.

### INTERVIEWED BY:

D. Snell, Correctional Lieutenant on May 18, 2010.

### SUMMARY:

R. Hall, Appeals Coordinator, investigated your appeal at the Second Level of Review (SLR). As stated previously, a thorough investigation was conducted in regard to your appeal issue. It could not be determined who was responsible for the mishandling of the outgoing mail that was discovered in the trash can. However, as a result of this discovery, training was given in regard to the processing of inmate mail to include the inspection and processing of outgoing inmate mail. It is notable that after Sgt. Stohl notified his supervisor of the incident he immediately forwarded the mail to the mailroom for processing. You have failed to provide any additional information/evidence at the SLR to modify the First Level Decision.

### DECISION:

Your appeal is **partially granted.** Facility-B Staff were trained in regard to the processing of inmate mail to include the inspection and processing of outgoing inmate mail. Your request for administrative action is beyond the scope of the appeals

Lee, J33486
Log # B-10-01232
Page 2


process. You are advised that this issue may be submitted for a Director's Level of Review if desired.

KATHLEEN ALLISON
Warden (A)

CSATF APPEALS
JUL 0 1 2010

DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

**NOV 1 6 2010**

Date:

In re:   Kevin Lee, J33486
California Substance Abuse Treatment Facility and
    State Prison at Corcoran
P.O. Box 7100
Corcoran, CA 93212-7100

IAB Case No.:  1001203          Local Log No.:  SATF-10-01232

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Briggs, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that March 14, 2010, during third watch, inmate mail was collected by the housing unit staff, and on March 15, 2010, the same inmate mail was found in a trashcan in Building "1." The appellant asserts that the Building "1" porter was performing his job emptying trash when he discovered the outgoing inmate mail in the trash. The appellant alleges that the inmate porter then gave the mail to the Inmate Advisory Council members who brought it to the attention of Facility "B" Correctional Sergeant D. Stohl. The appellant contends that the second watch housing unit officers who were on duty when the mail was discovered were Correctional Officers Childress and Morales. The appellant requests on appeal that a full investigation be conducted to determine who is responsible for putting the mail in the trashcan, that the person responsible be reprimanded and retrained on mail procedures, and that this appeal be placed in the personnel file for the duration.

**II   SECOND LEVEL'S DECISION:** The reviewer found that it could not be determined who was responsible for the mishandling of the outgoing mail that was discovered in the trashcan. The appellant was informed that as a result of the discovery, Facility "B" staff were trained in regard to processing of inmate mail to include the inspection and processing of outgoing inmate mail. The appellant was also informed that his request for administrative action is beyond the scope of the appeals process. The Second Level of Review (SLR) advised the appellant that he has failed to provide any additional information or evidence to modify the decision reached by the First Level of Review. The SLR partially granted the appeal.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** This appeal has been categorized as a mail issue. As such, the appellant's request for administrative action against staff will not be considered as the request is out of the scope of the CDCR appeals process. All submitted documentation and supporting arguments have been considered. The documentation and arguments presented are persuasive that the appellant has failed to support this appeal issue with sufficient evidence or facts to warrant modification of the previous levels of review. The institution conceded that the appellant's mail was mishandled and corrective action has been taken to prevent future occurrences; however, the appellant asserts that this is inadequate. Despite the appellant's dissatisfaction with the previous levels of review, the examiner notes that it could not be factually determined who was responsible for the mishandling of the outgoing mail that was discovered in the trashcan. The Director's Level of Review (DLR) concurs with the SLR in that the mishandling of the mail appears to have been an accident and not a malicious act perpetrated by staff or inmates. All submitted documentation and supporting arguments have been considered. In view of the above, further review at the DLR is not warranted.

The appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

**B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3001, 3084.1, 3130, 3131, 3132, 3137

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

R BRIGGS FC
R. BRIGGS, Appeals Examiner
Inmate Appeals Branch

D. FOSTON, Chief
Inmate Appeals Branch

cc:   Warden, SATF
      Appeals Coordinator, SATF