# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEE, | CASE NO. 1:11-cv-00168-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| KATHLEEN ALLISON, et al., | (Doc. 1) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**Screening Order**

I. **Screening Requirement and Standard**

Plaintiff Kevin Lee, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 31, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Mail Claim**

Plaintiff, who is currently incarcerated at San Quentin State Prison, brings this action against Warden Kathleen Allison, Correctional Sergeant D. Stohl, and Correctional Officers N. Fairfield, Van Vuet, S. Childress, and C. Morales based on an incident in which inmates' outgoing mail was discovered in a trash can at California Substance Abuse Treatment Facility and State Prison (CSATF) in Corcoran.

On March 14, 2010, Plaintiff handed a letter containing two photographs to Defendant Van Vuet, who was collecting outgoing mail from inmates. Defendant Fairfield, who was processing the outgoing mail, failed to properly complete the task and left a portion of the outgoing mail for the next shift to handle. The next day, a portion of the mail left for processing by Defendant Fairfield was discovered in a trash can by an inmate porter. The officers on duty at the housing unit when the mail was discovered were Defendants Childress and Morales.

Section 1983 provides a cause of action only for the violation of constitutional or other federal rights by those acting under color of state law. E.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).

However, an isolated incident of mail interference or tampering usually does not support a claim under section 1983 for the violation of a constitutional right. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003) (isolated incident of mail tampering usually insufficient to state claim); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997) (isolated incident of opening legal mail without evidence of improper motive or resulting interference with access to courts or right to counsel does not support a claim); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (isolated incident of opening one piece of legal mail in error does not rise to level of constitutional violation); Grant v. Warden, No. 1:11-cv-01608-LJO-SKO PC, 2011 WL 4048524, at *2 (E.D.Cal. Sept. 9, 2011); Hargrove v. Mitchell, No. 1:07CV360-01-MU, 2007 WL 4284903, at *1 (W.D.N.C. Dec. 4, 2007).

Here, it is unknown how the mail came to be discarded in the trash can, the incident was limited to one occurrence, the mail was recovered and processed the day after it was collected from the inmates by Defendant Van Vuet, and the identity of the person who caused the mail to be placed in the trash can is unknown.[1] Under these circumstances, the Court finds that Plaintiff's allegations fail to support a claim for the violation of his rights under the First Amendment and therefore, section 1983 offers no redress. Because this deficiency is not capable of being cured through amendment, dismissal without leave to amend is appropriate. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**III.   Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED, with prejudice, for failure to state a claim under section 1983; and

///

///

---

[1] Defendants Allison, Stohl, Van Vuet, and Fairfield were not involved with disposing the mail in the trash and they would be entitled to dismissal of the claim against them even if Plaintiff had otherwise stated a cognizable claim. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Defendants Childress and Moreno were on duty when the mail was discovered, but it is unknown whether they were responsible for disposing of the mail in the trash or not. Thus, if Plaintiff had set forth facts which otherwise supported a claim, he would be limited to proceeding against a Doe defendant.

2.      This dismissal is subject to the "three-strikes" provision set forth  in 28 U.S.C. § 1915(g).  <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:     February 9, 2012**                             /s/ Sheila K. Oberto
                                                                        UNITED STATES MAGISTRATE JUDGE